Mr. Larry M. Haag County Attorney, Citrus County 107 North Park Avenue, Suite 8 Inverness, Florida 32650
Attention: Mr. James A. Neal, Jr. Assistant County Attorney
Dear Mr. Haag:
You ask substantially the following question:
May tourist development tax revenues be used to fund a program of mechanical harvesting and herbicide applications to improve inland lakes and rivers?
In sum, I am of the opinion:
A county may expend tourist development tax revenues to finance the removal of hydrilla and other water weeds from the inland lakes and rivers of the county to which there is public access if the county determines that such expenditure is primarily related to tourism in the county.
You state that the county has experienced a significant problem with hydrilla and other water weed control problems in its inland lakes and rivers to which there is public access. While this office has not been provided with any information regarding the proposed program, it appears from your question that the purpose of the harvesting and herbicide application program is to improve and enhance the condition of these lakes and rivers.
Section 125.0104, F.S., known as the Local Option Tourist Development Act,[1] authorizes a county to impose a tax on short term rentals of living quarters or accommodations within the county unless such activities are exempt pursuant to Ch. 212, F.S.[2] Subsection (5) of the act sets forth the purposes for which revenues from the tourist development tax may be expended.
Pursuant to s. 125.0104(5)(a)4., F.S., such funds may be used:
To finance beach improvement, maintenance, renourishment, restoration, and erosion control, including shoreline protection, enhancement, cleanup, or restoration of inland lakes and rivers to which there is public access. (e.s.)
The language emphasized above was added to s. 125.0104(5)(a)4., F.S., in 1987[3] to expand "the use of local option tourist development tax revenues to include shoreline protection, enhancement, cleanup or restoration of inland lakes and rivers to which there is public access."[4] This office has previously stated that the purpose and intent of s. 125.0104, F.S., is to provide for the advancement, growth and promotion of tourism.[5]
Thus, in AGO 87-16, this office concluded that a county may expend tourist development tax revenues to finance the improvement, maintenance, renourishment, restoration and erosion control of the public beaches on freshwater lakes if primarily related to tourism within the county. The determination, however, as to whether a particular project is tourist related and furthers such purpose is a factual determination which must be made by the legislative and governing body of the county and not by this office.[6]
You state that the lakes and rivers of the county subject to the mechanical harvesting and herbicide applications are open to the public. The removal of hydrilla and other water weeds would appear to fall within the terms of s. 125.0104(5)(a)4., F.S., authorizing the county to expend tourist development tax revenues to enhance, cleanup or restore inland lakes and rivers to which there is public access.
Accordingly, I am of the opinion that a county may expend tourist development tax revenues to finance the removal of hydrilla and other water weeds from the inland lakes and rivers of the county to which there is public access if the county determines that such expenditure is primarily related to tourism in the county.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 125.0104(1), F.S.
[2] See, s. 125.0104(3)(a), F.S., which states that it is the intent of the Legislature that every person who rents, leases, or lets living quarters or accommodations in "any hotel, apartment hotel, motel, resort motel, apartment, apartment motel, roominghouse, mobile home park, recreational vehicle park, or condominium for a term of 6 months or less is exercising a privilege which is subject to taxation under this section . . . ."
[3] See, s. 5, Ch. 87-280, Laws of Florida.
[4] See, Staff Analysis, House of Representatives, Committee on Tourism and Cultural Affairs, dated June 8, 1987.
[5] Attorney General Opinion 83-18.
[6] See, AGO's 87-16 and 83-18.